E-FILED

Monday, 16 September, 2019  03:27:04 PM

Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHN P. TOMKINS,<br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES BUREAU OF<br> PRISONS,<br><br>HUGH J. HURWITZ,<br> Acting Director of B.O.P.,<br><br>JEFFERY E. KRUEGER,<br> North Central Regional<br> Director of B.O.P.,<br><br>FREDRICK ENTZEL,<br> Warden, FCI-Pekin,<br><br>STEVEN KALLIS,<br> Former Warden, FCI-Pekin,<br><br>ANDREW LAMIRAND,<br> Supervisor of Education,<br> FCI-Pekin,<br>   Defendants. | Case No._____<br><br><br>COMPLAINT FOR DECLARATORY,<br><br>INJUNCTIVE AND MONETARY RELIEF |

————COMPLAINT

The pro se plaintiff, John P. Tomkins, a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently housed at the federal correctional institution located in Pekin, Illinois (FCI-Pekin) hereby initiates this suit against the above named defendants for their violation of the plaintiff's constitutional, civil and statutory rights.

PARTIES

A. Plaintiff: John P. Tomkins #19421-424
   Federal Correctional Institution
   P.O. Box 5000
   Pekin, Illinois 61555-5000

(1.)

B. Defendants:

Defendant #1: United States Bureau of Prisons
Office of General Counsel
320 First Street, N.W.
Washington, D.C. 20534

Defendant #2: Hugh J. Hurwitz
In his personal and professional capacity
Acting Director of BOP
320 First Street, N.W.
Washington, D.C. 20534

Defendant #3: Jeffery E. Krueger
In his personal and professional capacity
North Central Regional Director of BOP
400 State Avenue
Kansas City, Kansas 66101

Defendant #4: Fredrick Entzel
In his personal and professional capacity
Warden of FCI-Pekin
2600 South Second Street
P.O. Box 7000
Pekin, Illinois 61555-7000

Defendant #5: Steven Kallis
In his personal and professional capacity
Former Warden of FCI-Pekin
Adress Unknown

Defendant #6: Andrew Lamirand
In his individual and professional capacity
Supervisor of Education at FCI-Pekin
2600 South Second Street
P.O. Box 7000
Pekin, Illinois 61555-7000

## JURISDICTION

This suit is brought pursuant to the First, Fifth, Sixth, and Eighth Amendments to the United States Constitution and 5 U.S.C. § 701 et seq., and 42 U.S.C. § 1981 et seq., as made applicable in this case by **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

This suit seeks declaratory judgement; injunctive relief; and monetary damages to redress the past deprivation and to prevent

(2.)

further deprivation of the plaintiff's constitutional, civil, and statutory rights by the defendants and/or their agents, employees, or subordinates.

This Court has subject matter jurisdiction in this case under 28 U.S.C. §§ 1341, 1343, and/or 1346.

## STATEMENT OF THE CASE

On December 17, 2018, the plaintiff sent an electronic request of staff addressed to Defendant #6, A. Lamirand. See Appendix at pg. 1. The plaintiff questioned why the inmate library hours at FCI-Pekin were not in compliance with Title 28, Section 544.100 of the Code of Federal Regulations (C.F.R.), which was implemented by BOP Program Statement 1542.06(5)(A) and mandates that "Library services shall ordinarily be available to all inmates daily, including evenings and weekends[.]"

Defendant Lamirand responded, "The library is to be open for 8 hours total over the weekend and at least 3 hours daily during the weekday" so the hours satisfy the requirements of §544.100. Unsatisfied with this response, the plaintiff filed an Attempt at Informal Resolution (BP-8) seeking to have the library's hours brought into compliance with §544.100. See Appendix at pg. 2. Upon receipt of the BP-8, Defendant Lamirand scheduled a meeting with the plaintiff in an attempt to informal resolve the matter. At the conclusion of this meeting it was agreed that Defendant Lamirand would explore "the feasability of adding an ELL [electronic law library] computer to each [housing] unit" in exchange for the plaintiff's withdrawl of his administrative remedy request. **Id.**

(3.)

On or about February 4, 2019, Defendant Lamirand posted a Memorandum for Institutional Staff and Inmate Population FCI-Pekin, Illinois. The notice indicated that the inmate library hours would be **reduced** effective February 25, 2019. See Appendix at pg. 11-12.

As a result of the reduction in the number of hours the library would be available to the general inmate population, the plaintiff once again initiated the Administrative Remedy process by filing a new BP-8, which Defendant Lamirand denied. See Appendix at pg. 4. Following this denial, the plaintiff filed a formal Administrative Remedy request with then Warden Steven Kallis, Defendant #5, who denied the BP-10 Administrative Remedy request. See Appendix at pg. 5.

It was and is the warden's responsibility to address inmate complaints that could not be resolved informally. It is also the warden's responsibility to ensure that his or her institution is in compliance with with all applicable laws and regulations. He or she is also in charge of monitoring the actions of subordinates to make sure they are behaving in a lawful manner. When a warden does not correct unlawful activity by his or her staff after that illegal conduct is brought to light, the warden becomes liable for the actions.

Following the denial of the BP-9, the plaintiff filed an appeal with the North Central Regional Director, Defendant #3, Jeffery E. Krueger in the form of a BP-10. See Appendix at pg. 7. Defendant Krueger, like Defendant Kallis, failed to protect the plaintiff's rights when he excused the illegal conduct by stating, "A review of FCI Pekin's Leisure and Law Library hours revealed it is open

(4.)

for a time **commensurate** with policy." (emphasis added) Appendix at pg. 6. Recognizing that the hours were not in compliance with §544.100 Defendant Krueger further equivocated by informing the plaintiff, "your Regional Administrative Remedy Appeal is for informational purposes only." Id. Defendant Krueger's implicit acknowledgement that the FCI-Pekin library hours do not comply with §544.100 while failing to do anything to correct this violation makes him liable for this illegal conduct.

The plaintiff then appealed to the Acting Director of the BOP, Defendant #2, Hugh J. Hurwitz in the form of a BP-11. See Appendix at pg. 9. The plaintiff again brought the fact that the hours of operation for the inmate library at FCI-Pekin do not comply with the plain language of §544.100. Like the response to the BP-10, the BP-11 stated it was "for informational purposes only." Appendix at pg. 10. The response went on to state, "The library hours of opperation at FMC Lexington (sic) meet the minimum hours required by policy." Because Defendant Hurwitz has been made aware that the staff at FCI-Pekin are operating the facility in an unlawful manner and he has chosen to do nothing about it, he is liable for his arbitrary and capricious inactions in this case.

Finally, it is alleged that the defendants acting in their individual, as well as professional, capacities have individually and collectively conspired to deprive the plaintiff of his constitutional, civil, and statutory rights. Specifically, the plaintiff has been deprived of his First Amendment right to access the court; his Fifth Amendment right to Due Process; his Sixth Amendment right to the assistance of counsel (an adquate availability of a

law library is the functional equivolent to access to counsel. See e.g., **Pruitt v. Mote**, 503 F.3d 647, 654-60 (7th Cir. 2007)(en banc); his Eighth Amendment right to be free from cruel and unusual punishment; and his statutory right under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. **Roadway v. U.S. Dept. of Ag.**, 514 F.2d 809, 814 (D.C. Cir. 1975)(holding "It is, of course, well settled that validly issued administrative regulations have the force and effect of law.")

It has been said, "In a government of laws, existence of the government will be imperilled if it fails to observe the law scrupulously. Our government is the potent, omnipresent teacher. For good or for ill, it teaches the whole people by its example." **Olmstead v. United States**, 72 L.Ed. 944, 960, 277 U.S. 438 (1928) (Brandies, J., dissenting). Here the language of 28 C.F.R. § 544.100 is crystal clear. "Library services shall ordinarily be available to all inmates daily, including evenings and weekends." Yet, the very same government agents that are tasked with rehabilitating rule breakers feels free to ignore its own rules.

PRAYER FOR RELIEF

1.) The plaintiff seeks preliminary and permanent injunctive relief in the form of a declaratory judgment, 28 U.S.C. § 2201, ordering the FCI-Pekin library "be available to all inmates daily, including evenings and weekends" in accord with §544.100.

2.) The plaintiff seeks compensatory damages from the defendants individually and collectively for the knowing and willful violation of the plaintiff's constitutional, civil and statutory rights.         (6.)

3.) The plaintiff seeks punitive damages from the defendants individually and collectively for their arbitrary and capricious actions in the amount of $500.00 for each Sunday and $250.00 for each Friday evening that the FCI-Pekin library was unlawfully closed beginning December 17, 2018, when the plaintiff initially brought the violation to the defendants' attention, and concluding when the library hours are brought into compliance with 28 C.F.R. § 544.100.

4.) The plaintiff seeks the actual costs associated with bringing this suit. This includes, but is not limited to, filing fees, copy and printing costs, and postage.

5.) The plaintiff seeks any and all other relief that is just and proper.

CONCLUSION

WHEREFORE, the pro se plaintiff, John P. Tomkins, hereby moves the Honorable Court to grant the relief that he seeks and justice demands.

Respectfully submitted this 16th day of September 2019 by:

John P. Tomkins #19421-424
Federal Correctional Institution
P.O. Box 5000
Pekin, Illinois 61555-5000

(7.)

## CERTIFICATE OF SERVICE

The pro se plaintiff, John P. Tomkins, hereby certifies under the penalty of perjury that he served a true and correct copy of this complaint on each of the defendants by placing said copies in first-class postage prepaid envelopes with the addresses below and deposited same in the "legal mail" system at FCI-Pekin on this 16th day of September 2019.


John P. Tomkins #19421-424
Federal Correctional Institution
P.O. Box 5000
Pekin, Illinois 61555-5000


mailed to:

United States Bureau of Prisons
Office of General Counsel
320 First Street, N.W.
Washington, D.C. 20534

Hugh J. Hurwitz
Acting Director
320 First Street, N.W.
Washington, D.C. 20534


Jeffery E. Krueger
North Central Regional Director
400 State Avenue
Kansas City, Kansas 66101

Fredrick Entzel
Warden, FCI-Pekin
2600 South Second Street
P.O. Box 7000
Pekin, Illinois 61555-7000


Andrew Lamirand
Supervisor of Education
2600 South Second Street
P.O. Box 7000
Pekin, Illinois 61555-7000

Steven Kallis
Warden, FMC-Rochester
2110 East Center Street
P.O. Box 4600
Rochester, Minnesota 55903